# United States District Court
# District of Massachusetts

TODD A. MOSES,
           Plaintiff,

                    v.                              CIVIL ACTION NO. 12-12343-RBC

JOHN DOE, ET AL.,
           Defendants.

## *MEMORANDUM AND ORDER*

COLLINGS, M.J.

　　　　For the reasons stated below, plaintiff is advised that if he wishes to proceed with

this action, he must file an Application to Proceed in District Court Without Prepaying

Fees or Costs, at which time the Court will assess him an initial partial fee of $8.61 and an

obligation to make monthly payments until the $341.39 balance has been paid in full.  If

plaintiff indicates his intent to proceed with this action by filing such an Application, he

shall also demonstrate good cause why this action should not be dismissed pursuant to 28

U.S.C. § 1915A.  If plaintiff files an Application to Proceed in District Court Without

Prepaying Fees or Costs, he will remain obligated to make payments towards the filing fee,

even if the action is dismissed upon a preliminary screening.  Plaintiff's Motion for

Appointment of Counsel is denied.

## *BACKGROUND*

　　　　On December 10, 2012, plaintiff filed this civil action along with a motion for leave

to proceed *in forma pauperis*.  <u>See</u> Docket.  Because plaintiff failed to provide a certified

prison account statement, his motion for leave to proceed *in forma pauperis* was denied

without prejudice.  <u>See</u> Docket No. 6.   Plaintiff was granted additional time either to pay

the $350 filing fee or to file a renewed motion for leave to proceed *in forma pauperis*.  <u>Id.</u>

The Clerk mailed a copy of the Order to plaintiff.  A copy was also mailed to the

Treasurer's Office at MCI Concord to facilitate any request by the plaintiff for his certified

prison account statement.

On March 25, 2013, a copy of plaintiff's prison account statement was filed with the

Court and entered on the docket by the Clerk as "plaintiff's renewed motion for leave to

proceed *in forma pauperis*."  <u>See</u> Docket No. 8.  On April 10, 2013, plaintiff filed a motion

for appointment of counsel.  <u>See</u> Docket No. 9.

### ***DISCUSSION***

I.   <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Although the Court has a copy of plaintiff's prison account statement, plaintiff has

not filed a renewed motion for leave to proceed *in forma pauperis*.  Because a copy of the

Court's March 18, 2013 Order was mailed to the Treasurer's Office, the prison may have

filed the statement in response to the Court's order.

Because incarcerated plaintiffs such as plaintiff Moses are not entitled to a complete

waiver of the $350.00 filing fee, notwithstanding the grant of in forma pauperis status, the

Court will grant plaintiff additional time to file a renewed motion to proceed *in forma*

2

*pauperis.*

If plaintiff Moses files a renewed motion to proceed *in forma pauperis,* the Court will direct the appropriate prison official to withdraw an initial partial filing fee payment of $8.61, followed by payments on a monthly basis until the $341.39 balance has been paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).   Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), Moses will remain obligated to pay the fee.   The Clerk will be directed to mail plaintiff a blank Application to Proceed in District Court Without Prepaying Fees or Costs.

II.     Standard of Review

Here, Moses has not yet been allowed to proceed *in forma pauperis*, and so, at this time, his complaint is not subject to screening under the *in forma pauperis* statute, 28 U.S.C. 1915(e).  However, his complaint is subject to screening under the auspices of 28 U.S.C. § 1915A.

Section 1915A authorizes the court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In connection with the preliminary screening, the Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);

<u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st

Cir. 2000).  Even under a broad reading, Moses claims are subject to dismissal.

III.   <u>Screening of the Complaint</u>

Moses alleges that he is a pre-trial detainee.  He brings this civil rights action against

several John Doe Boston police officers as well as an identified Boston police detective and

an identified assistant district attorney.  Although the status of Moses' criminal case is

unclear, he complains that the defendants (1) "failed to read the plaintiff the Miranda

Warning," (2) mishandled evidence [plaintiff's cell phone] in violation of police policy and

state law; and (3) "sought additional evidence in the case against plaintiff after indictment

has already been return[ed against Moses], by means of obtaining a court order for a DNA

sample without affording the plaintiff an opportunity to appeal the order."  <u>See</u> Compl.,

pages 6-7.  Plaintiff seeks declaratory relief and monetary damages.

A.   <u>Failure to State Plausible Claims; Rule 8 Deficiencies</u>

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1988. Although the

Complaint references 42 U.S.C. § 1985, Moses has not identified what subsection of this

statute from which liability could be found.  Section 1985 of Title 42 concerns conspiracies

to violate civil rights.  Section 1985(1) deals with conspiracies to prevent officers from

performing duties.  Section 1985(2) deals with conspiracies to obstruct justice and

intimidate a party, witness or juror.  Section 1985(3) deals with conspiracies intended to

deprive an individual or class of persons of protected rights based on "'some racial, or

perhaps otherwise class-based, invidiously discriminatory animus.'" <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996), quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).

In order to state a claim of conspiracy, the Complaint must set forth facts that suggest a conspiracy rather than set out conclusory allegations that the defendants made an unlawful agreement.  See <u>DM Research v. Coll. of Am. Physicians</u>, 170 F.3d 55, 56 (1 Cir. 1999) (allegations of conspiracy or agreement are insufficient).  Here, other than conclusory assertions, Moses does not set out sufficient facts that suggest a conspiracy or agreement involving the defendants.

As a corollary to the legal impediments noted above, Moses' claims under 42 U.S.C. § 1983 and those under § 1985 do not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff mentions violations of Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution conclusory fashion, but fails to provide a coherent explanation of how his rights under those laws were allegedly breached. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Iqbal</u>, 556 U .S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when it "allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Here, plaintiff alleges constitutional violations, however, the allegations are presented as legal conclusions and not supported by underlying facts; the complaint fails to set forth the "who, what, when, where, and why" information necessary to state a plausible claim.

B.    Moses Lacks Standing to Bring Criminal Suit

To the extent plaintiff brings this action pursuant to 18 U.S.C. §§ 241, 242, such claims are subject to dismissal.  Plaintiff, as a private citizen, cannot sue under 18 U.S.C. § 242.  Plaintiff does not have standing to bring a criminal action because no statute authorizes him to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st cir. 1964) (per curiam); accord Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242).

C.    Abstention

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, Younger v. Harris, 401 U.S. 37 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal

courts").

Here, the status of Moses' state criminal proceedings are not entirely clear, however, to the extent that he is seeking the federal court's intervention with respect to his pending state criminal proceedings, this Court is without jurisdiction to intervene in a state criminal proceeding or act as an appellate court with respect to those proceedings. <u>See In re Justices of Superior Court Dept. of Massachusetts Trial Court</u>, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971))). There are no circumstances presented here which would exempt this case from the abstention principles. Therefore, to the extent that the Moses is entitled to any relief with respect to his state criminal charges, he must present his claims to the state court presiding over the criminal proceedings or any appropriate state appellate court.

D.   <u>Prosecutorial Immunity</u>

To the extent plaintiff brings this action against Assistant District Attorney Corda, she has absolute prosecutorial immunity for the acts alleged in the complaint.   Defendant Corda is entitled to absolute prosecutorial immunity for her actions in connection with the prosecution.   <u>Imbler v. Pachtman</u>, 424 U.S. 409, 422 (1976) (absolute judicial immunity extends to prosecuting attorneys acting within the scope of their official duties); <u>Reid v. State of N.H.</u>, 56 F.3d 332, 337 (1st Cir. 1995).   Thus, Moses' claims against defendant Corda are subject to dismissal.

7

E.      Plaintiff's Claims May be Barred by the Favorable Termination Rule

The claims for damages cannot go forward at this time because they would implicate

the validity of the criminal proceedings that appear to be pending.  If Moses has already

been convicted, this Court would be barred from considering the claim by Heck v.

Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  It is well-settled that

civil rights claims do not accrue unless the prisoner has obtained a "favorable termination"

of the underlying conviction.  See Heck, 512 U.S. at 477; see also Sholley v. Town of

Holliston, 49 F. Supp. 2d 14, 18 (D. Mass. 1999).

However, if plaintiff is currently awaiting trial, the United States Supreme Court has

held that Heck does not bar "an action which would impugn an anticipated future

conviction.... " Wallace v. Kato, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Nevertheless, the Supreme Court made clear that does not mean that federal courts should

forge ahead with cases in which similar considerations exist. Rather, the Supreme Court

held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other
> claim related to rulings that will likely be made in a pending or anticipated criminal
> trial), it is within the power of the district court, in accord with common practice, to
> stay the civil action until the criminal case or the likelihood of a criminal case is
> ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that
> conviction, Heck will require dismissal; otherwise, the civil action will proceed,
> absent some other bar to suit.

Id. at 393–94 (citations omitted). Under that reasoning, a specific claim against a specific

police defendant would be stayed until such time as the state criminal proceedings would be

concluded.

## ***ORDER***

Based on the foregoing, it is hereby Ordered that:

1.  If plaintiff wishes to proceed with this action, within twenty-one (21) days of the date of this Memorandum and Order, he must file an Application to Proceed in District Court Without Prepaying Fees or Costs.  The Clerk shall mail a blank Application to Proceed in District Court Without Prepaying Fees or Costs with a copy of this Memorandum and Order.

2.  Upon receipt of plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, the Court will direct the appropriate prison official to withdraw an initial partial filing fee payment of $8.61, followed by payments on a monthly basis until the $341.39 balance has been paid in full.   Even if the action is dismissed upon a preliminary screening, plaintiff will remain obligated to pay the fee.

3.  Failure of plaintiff to comply with the directive to file an Application to Proceed in District Court Without Prepaying Fees or Costs will result in a dismissal of this action without prejudice and without assessment of the filing fee.[1]

4.  If plaintiff indicates his intent to proceed with this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs, he shall, within 42 days of the date of this Memorandum and Order,  demonstrate good cause in writing why this action should not be dismissed pursuant to 28 U.S.C. § 1915A for the reasons stated herein.

---

[1]This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Upon receipt of plaintiff's response to this Memorandum and Order, the undersigned will either enter an order or direct the reassignment of the case to a District Judge for further review of plaintiff's response (or lack thereof).

5.      Plaintiff's Motion for Appointment of Counsel is DENIED.


SO ORDERED.

_/s/ Robert B. Collings_
ROBERT B. COLLINGS
June 13, 2013.                    United States Magistrate Judge